**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

In re:

JAYADEEP R DESHMUKH,

                Debtor.

Civil Action No. 25-17615 (MAS)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon several motions and filings filed by Appellant Jayadeep R. Deshmukh ("Appellant"): (1) Appellant's Emergency Motion for Stay Pending Appeal, Temporary Restraining Order, and Expedited Briefing Schedule ("Motion for TRO") (ECF No. 25); (2) Appellant's Supplemental Filing of Critical New Facts ("Supplemental Filing") (ECF No. 27); and (3) Appellant's Motion to Stay Pending Appeal ("Motion to Stay") (ECF No. 4). Trustee John Michael McDonnell (the "Trustee") opposed Appellant's Motion to Stay (ECF No. 6), and Appellant replied (ECF No. 7). The Trustee filed a Motion to Dismiss. (ECF No. 8.) Appellant opposed the Trustee's Motion to Dismiss (ECF No. 14), and the Trustee replied (ECF No. 15). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the Court denies Appellant's Motion for TRO, Motion to Stay, and the Trustee's Motion to Dismiss.

## I.    BACKGROUND[1]

### A.    Factual Background

On April 29, 2024, Appellant filed a voluntary petition for relief under Chapter 11 which was later converted to Chapter 7 of the Bankruptcy Code. (Appellant's Voluntary Pet., Bankr. ECF No. 1; Order Granting Mot. to Convert, Bankr. ECF No. 113.) In his bankruptcy schedules, Appellant claimed his marital residence located at 458 Cherry Hill Road, Princeton, NJ 08540 (the "Property") as exempt from administration pursuant to 11 U.S.C. § 522(b)(3)(B), on the grounds that the Property is held by Appellant and his non-Debtor spouse as tenants by the entirety under New Jersey law, and is therefore immune from execution by Debtor's individual creditors. (Schedule C, Bankr. ECF No. 170-1.) The Trustee filed an objection to the claimed exemption. (Obj. to Exemptions, Bankr. ECF No. 162.) Appellant filed no formal opposition to the objection. At the hearing on the Trustee's objection, the Bankruptcy Court sustained the objection and denied the claimed exemption. (*See generally* Tr. of Hr'g on Obj. ("T1"), ECF No. 4-7; Order Disallowing Exemptions, Bankr. ECF No. 168.) Appellant then filed a request for certification of direct appeal to the Third Circuit (Mot. for Cert. of Direct Appeal, Bankr. ECF No. 185), which was denied (Orders Denying Mot. for Cert. of Direct Appeal, Bankr. ECF Nos. 192, 193). Appellant thereafter filed a second such request (Second Mot. for Cert. of Direct Appeal, Bankr. ECF No. 205), a Motion for Reconsideration of the Bankruptcy Court's Order Disallowing the Debtor's Claimed Exemptions (Mot. for Recons. of Order Disallowing Exemptions, Bankr. ECF No. 206), and a Motion to Stay Pending Appeal (Mot. to Stay, Bankr. ECF No. 210). On November 6, 2025, the Bankruptcy Court denied all of Appellant's motions. (Orders, Bankr. ECF Nos. 217, 218, 219,

---

[1] Citations to the bankruptcy docket, which are denoted with "Bankr. ECF No.", refer to the Chapter 7 bankruptcy petition, No. 24-14339, unless otherwise specified.

220.) In making its determination on both the original objection and upon reconsideration, the Bankruptcy Court determined that pursuant to New Jersey law, property held in tenancies by the entirety is subject to process and therefore not exempt. (*See generally* T1; Tr. of Hr'g on Mot. to Recons. ("T2"), ECF No. 4-6 (relying upon *In re Weiss*, 638 B.R. 543 (Bankr. D.N.J. 2022), which analyzed tenancies by the entirety in New Jersey as it applies to 11 U.S.C. § 522(b)(3)(B)).)

**B.      Procedural Background**

Appellant filed his Notice of Appeal and Designation of Record on Appeal in this Court on November 17, 2025. (Not. of Appeal, ECF No. 1; Designation of Record, ECF No. 2.) On November 19, 2025, Appellant filed the Motion to Stay. (Appellant's Mot. to Stay, ECF No. 4.) The Trustee opposed Appellant's Motion to Stay (Tr.'s Opp'n Br., ECF No. 6), and Appellant replied (Appellant's Reply Br. to Mot. to Stay, ECF No. 7). The Trustee subsequently filed its Motion to Dismiss. (Tr.'s Mot. to Dismiss, ECF No. 8.) Appellant opposed the Trustee's Motion to Dismiss (Appellant's Opp'n Br., ECF No. 14), and the Trustee replied (Tr.'s Reply Br. to Mot. to Dismiss, ECF No. 15). Appellant filed his merits brief on December 28, 2025. (Appellant's Br., ECF No. 18.) Appellant thereafter filed the instant Motion for TRO on February 20, 2026 (Mot. for TRO, ECF No. 25), and his Supplemental Filing on February 23, 2026 (Supplemental Filing, ECF No. 27).

## II.      LEGAL STANDARD

**A.      Appellate Standard of Review**

A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees. 28 U.S.C. § 158(a). The standard of review for bankruptcy court decisions is "determined by the nature of the issues presented on appeal." *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 157 (D.N.J. 2005). Legal conclusions of the bankruptcy

court are subject to de novo or plenary review by the district court. *Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir. 1997). Comparatively, findings of fact are not set aside unless "clearly erroneous." *In re CellNet Data Sys., Inc.*, 327 F.3d 242, 244 (3d Cir. 2003). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). If it is alleged that the bankruptcy court abused its discretionary authority, the district court may only inquire whether the bankruptcy court's decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Int'l Union, UAW v. Mack Trucks, Inc.*, 820 F.2d 91, 95 (3d Cir. 1987) (citing *Int'l Olympic Comm. v. S.F. Arts & Athletics*, 781 F.2d 733, 738 (9th Cir. 1986)).

**B.    Motion for Stay**

"Under [Bankruptcy Rule] 8007, a party can move to stay the effect of a bankruptcy court order pending a resolution on appeal." *In re Revel AC, Inc.*, 802 F.3d 558, 567-68 (3d Cir. 2015); *see also* Fed. R. Bankr. P. 8007. "The granting of a motion for stay pending appeal[, however,] is discretionary with the court." *In re Trans World Airlines, Inc.*, No. 01-56, 2001 WL 1820325, at *2 (Bankr. D. Del. Mar. 27, 2001), *aff'd*, 322 F.3d 283 (3d Cir. 2003). That said, a stay pending appeal is an "extraordinary remedy." *In re W.R. Grace & Co.*, 475 B.R. 34, 205 (D. Del. 2012) (citing *United States v. Cianfrani*, 573 F.2d 835, 846 (3d Cir. 1978)). When considering a stay related to a bankruptcy appeal, courts apply a standard of review akin to that of a preliminary injunction, and analyze the following factors:

> (1) whether the stay applicant has made a strong showing that [he] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether [the] issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Revel*, 802 F.3d at 568 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

While courts must "consider the relative strength of the four factors," *id.* (quoting *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011)), the first two factors are the most critical to the analysis. *Id.* (internal citations omitted). For the first factor, "a sufficient degree of success for a strong showing exists if there is 'a reasonable chance, or probability, of winning.'" *Id.* at 568-69 (quoting *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (en banc)). For the second factor, "the applicant must 'demonstrate that irreparable injury is likely[, not merely possible,] in the absence of [a] [stay].'" *Id.* at 569 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). If an appellant satisfies the first two factors, the court will weigh any harm to the opposing party and consider the public interest. *Id.* (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)). These factors are examined as a "sliding scale," in that all four stay factors are interconnected, and the analysis proceeds as follows:

> Did the applicant make a sufficient showing that [(1)] [he] can win on the merits[—]significantly better than negligible but not greater than 50%[—]and [(2)] [he] will suffer irreparable harm absent a stay? If [he] has, we balance the relative harms considering all four factors using a sliding[-]scale approach. However, if the movant does not make the requisite showings on either of these [first] two factors, the[] inquiry into the balance of harms [and the public interest] is unnecessary, and the stay should be denied without further analysis.

*S.S. Body Armor I., Inc. v. Carter Ledyard & Milburn LLP*, 927 F.3d 763, 772 (3d Cir. 2019) (quoting *Revel*, 802 F.3d at 571) (internal quotation marks omitted).

5

### C.    Motion for TRO

"Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (internal quotation marks and citation omitted). A preliminary injunction or TRO may be granted only if a plaintiff establishes that: (1) "[he is] likely to succeed on the merits of [his] claims"; (2) "[he is] likely to suffer irreparable harm without relief"; (3) "the balance of harms favors [him]"; and (4) "relief is in the public interest." *Issa v. Sch. Dist. of Lancaster*, 847 F.3d 121, 131 (3d Cir. 2017) (citation omitted). "A plaintiff's failure to establish any element in [his] favor renders a preliminary injunction inappropriate." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) (citation omitted).

The movant bears the burden of establishing "the threshold for the first two 'most critical' factors." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* A court may issue an injunction to a plaintiff "only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief." *AT&T v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994) (citation omitted); *see also P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d Cir. 2005) ("The burden lies with the plaintiff to establish every element in its favor, or the grant of a preliminary injunction is inappropriate." (citation omitted)).

## III.    DISCUSSION

### A.    Motion for TRO and Motion to Stay[2]

Appellant argues that this Court should grant a stay pending appeal and/or a TRO because: (1) he is likely to succeed on the merits; (2) he will suffer irreparable harm absent a stay; (3) the balance of equities weighs in his favor; and (4) a stay serves the public interest. (Appellant's Moving Br. 7-16, ECF No. 25-1; Appellant's Mot. to Stay 14-44.) The Trustee argues that Appellant cannot meet his burden to satisfy the four elements under the standard. (Tr.'s Opp'n Br. 4-10.) Because the Court finds that Appellant has not met his burden of demonstrating a likelihood of success on the merits, the Court does not reach the other factors. *See Revel*, 802 F.3d at 571 ("[I]f the movant does not make the requisite showing[] on . . . [the likelihood of success on the merits,] the stay should be denied without further analysis." (citation omitted)).

Appellant argues that New Jersey tenancies by the entirety law exempts the Property from individual creditors' process.[3] (Appellant's Mot. for TRO 8-9.) He argues that the Bankruptcy Court below erred by relying on a misreading of New Jersey law by the court in *In re Weiss*, 638

---

[2] The same analysis applies if the motion is evaluated as a request for a temporary restraining order, preliminary injunction, or stay pending appeal. *Nken*, 556 U.S. at 433-34.

[3] Section 522(b)(3)(B) exempts from the bankruptcy process "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety . . . to the extent that such interest as a tenant by the entirety . . . is exempt from process under applicable non[-]bankruptcy law." 11 U.S.C. § 522(b)(3)(B). As such, the Court "generally turn[s] to state law for the determination of property rights in the assets of a bankrupt's estate." *In re Brannon*, 476 F.3d 170, 176 (3d Cir. 2007) (internal quotation marks and citation omitted). The question regarding Appellant's likelihood of success on the merits is thus whether his interest in the Property is exempt from process under N.J. Stat. Ann. §§ 46:3-17.2-17.5 (the Tenancy by Entirety Act, or the "Act"). If the Property is exempt from process under the Act, then the Bankruptcy Court erred in ruling that the Property was not exempt from the bankruptcy estate pursuant to 11 U.S.C. § 522(b)(3)(B).

B.R. 543 (Bankr. D.N.J. 2022). (*See generally* Appellant's Moving Br.; Appellant's Mot. to Stay.) Appellant contends that the *Weiss* court: (1) misinterpreted the plain language of N.J. Stat. Ann. §§ 46:3-17.4 and -17.5; (2) misread the Act's legislative history; and (3) deliberately misapplied case law to allow partition and process in accordance with the common law. (Appellant's Mot. to Stay 14-41.) The Court finds that Appellant has not met his burden of demonstrating a likelihood of success on the merits because the *Weiss* court's interpretation of New Jersey tenancies by the entirett law—which the Bankruptcy Court in this matter relied upon—accurately stated the applicable law.

Appellant focuses much of his argument on the *Weiss* court's purported misreading of subsection -17.4. The *Weiss* court's interpretation of the Act as a whole, however, was correct. Simply put, the Court finds nothing wrong with the *Weiss* court's determination that the language of N.J. Stat. Ann. §§ 46:3-17.4 and -17.5[4] must be read together, and that "[w]hen read together, the plain language of N.J. [Stat. Ann. §] 46:3-17.5 creates independent survivorship interests, which each spouse holds separate and apart from 'their interest,' referred to in [N.J. Stat. Ann. §] 46:3-17.4." *Weiss*, 638 B.R. at 552. The *Weiss* court therefore correctly found that the debtor in *Weiss* held "both a joint interest shared" with his non-debtor spouse, "*and* an individual right of survivorship[,]" and that those "two interests together form the [d]ebtor's interest in the [p]roperty." *Id.* (emphasis in original). As the *Weiss* court explained, under New Jersey law

---

[4] N.J. Stat. Ann. § 46:3-17.4 reads that "[n]either spouse may sever, alienate, or otherwise affect their interest in the tenancy by entirety during the marriage or upon separation without the written consent of both spouses." N.J. Stat. Ann. § 46:3-17.4. N.J. Stat. Ann. § 46:3-17.5 reads that "[u]pon the death of either spouse, the surviving spouse shall be deemed to have owned the whole of all rights under the original instrument of purchase, conveyance, or transfer from its inception." N.J. Stat. Ann. § 46:3-17.5.

tenancies by the entirety property is subject to process because a "creditor of one spouse may levy upon a spouse's right of survivorship, which is an interest in a tenancy by the entirety." *Id.* at 559.

Appellant also argues that the *Weiss* court misinterpreted *Jimenez v. Jiminez*, 185 A.3d 954 (N.J. Super. Ct. App. Div. 2018), and misapplied the case law that it cited throughout its opinion. (Appellant's Mot. to Stay 29-41; Appellant's Mot. for TRO 7-9.) The Court disagrees and finds the *Weiss* court's interpretation of the cases to be thorough and well-reasoned.[5] As the *Weiss* court noted, and Appellant acknowledged, *Jimenez*'s holding was a narrow one regarding the ability of a creditor to force the partition and sale of a spouse's shared interest. *Weiss*, 638 B.R. at 557. The *Weiss* court, most importantly, acknowledged that the court in *Jimenez* explained that pursuant to New Jersey law, "'a tenant by the entirety can alienate his or her right of survivorship, and a judgment creditor of either spouse may levy and execute upon such right.'" *Id.* (quoting *Jimenez*, 185 A.3d at 957). In doing so, the *Weiss* court aptly found that the *Jimenez* court "reinforced" that "a creditor of one spouse may attach and levy on a debtor's individual survivorship interest." *Weiss*, 638 B.R. at 557 (citing *Jimenez*, 185 A.3d at 954).

Contrary to Appellant's argument, moreover, the *Weiss* court also correctly interpreted the *Reiter* court's statement saying the same thing that the court did in *Jimenez* two years later when it noted that a tenant by the entirety "'can alienate his or her right of survivorship, and a judgment creditor of either spouse may levy and execute upon such right,' yet neither can 'force the involuntary partition of the subject property during the marriage.'" *State v. Reiter*, No. A2167-18T3, 2020 WL 224595, at *6 (N.J. Super. Ct. App. Div. Jan. 15, 2020) (quoting *N.T.B. v.*

---

[5] Appellant is correct that the *Weiss* court incorrectly stated that there was a levy on the property at issue in *Jimenez*. *Weiss*, 638 B.R. at 557. That factual error, however, is of no consequence because *Weiss* accurately stated the State of New Jersey tenancies by the entirety law as articulated by *Jimenez*. *See id.*

9

*D.D.B.*, 121 A.3d 910, 918 (N.J. Super. Ct. App. Div. 2015)); *Weiss*, 638 B.R. at 558 (quoting *Reiter*, 2020 WL 224595, at \*6). The Court, accordingly, finds that Appellant has not met his burden of demonstrating a likelihood of success on the merits because the *Weiss* court correctly articulated that pursuant to New Jersey tenancies by the entirety law, "the creditor of one spouse can no longer achieve the remedy of partition and sale of the joint interest in entireties property without written consent from both spouses[,]" but that "a spouse may alienate the right of survivorship and a creditor of that spouse may levy upon such right." *Weiss*, 638 B.R. at 558.[6]

The Court, instead, finds that because the Bankruptcy Court followed the applicable law and applied it correctly to the facts of Appellant's case, Appellant has not met his burden of showing that he is likely to succeed on the merits. *In re Newton*, No. 19-1633, 2019 WL 4522119, at \*1 (3d Cir. May 29, 2019) (finding that the "[a]ppellants did not establish in District Court 'a reasonable chance, or probability, of winning' on the merits" (internal quotations and citation omitted)). Moreover, because Appellant fails to make the requisite showing of likelihood of success on the merits, the Court need not analyze the remaining factors. *See Revel*, 802 F.3d at 571 (explaining that where a movant fails to make the requisite showings on either of the first two factors, "the [] inquiry into the balance of harms [and the public interest] is unnecessary, and the stay should be denied without further analysis" (citation omitted)).

---

[6] Because the Court agrees with the *Weiss* court that the law is clear as evidenced by the plain language of the statute, as well as the Appellate Division explicitly stating so, the Court does not analyze each of the other cases that Appellant attempts to distinguish from the *Weiss* court's analysis of them.

**B.      The Trustee's Motion to Dismiss**

In support of its Motion to Dismiss, the Trustee argues that Appellant never filed a response to its objection to Appellant's claimed exemptions, and that matters not presented to the bankruptcy court below may not be raised for the first time on appeal. (Tr.'s Moving Br. 5-6, ECF No. 8-1.)

A district court generally cannot consider an argument on appeal that a party failed to raise with the bankruptcy court. *Larson v. Bayer*, 558 B.R. 722, 735 (E.D. Pa. 2016) (explaining that "the general rule [is] that when a party fails to raise an issue in the bankruptcy court, the issue is waived and may not be considered by the district court on appeal" (quoting *In re Kaiser Grp., Int'l Inc.*, 399 F.3d 558, 565 (3d Cir. 2005)).

Here, however, the issue on appeal was the legal issue the Bankruptcy Court addressed below. The order on appeal is an order granting Trustee's objection to Appellant's claimed exemption based on his interest in the Property as a tenant by the entirety. (*See generally* T1 2:12-17.) The Bankruptcy Court explicitly considered the issue of whether the Property "would be exempt because of tenancy by the entirety." (T1 2:12-13.) The Bankruptcy Court determined that "New Jersey does not recognize such exemptions" because property held in a tenancy by the entirety "is subject to levy" and therefore "subject to process" so there was "no basis for [an] exemption to be taken." (T1 2:13-17.) While not directly the subject of this appeal, Appellant, further, raised the issue on his Motion for Reconsideration before the Bankruptcy Court, and the Bankruptcy Court squarely ruled on the issue. (*See generally* T2.) The Court, accordingly, denies the Trustee's Motion to Dismiss.

## IV.    CONCLUSION

For the reasons set forth herein, Appellant's Motion for TRO, Motion to Stay, and the Trustee's Motion to Dismiss are denied. The Court will issue an Order consistent with this Memorandum Opinion.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**DATED: MARCH 2, 2026**

12