**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|   |
|---|
| In re:<br><br>JAYADEEP RAMESH DESHMUKH,<br><br>Debtor. |

Civil Action No. 25-17615 (MAS)

**MEMORANDUM ORDER**

This matter comes before the Court upon Appellant Jayadeep Ramesh Deshmukh's ("Appellant") Emergency Motion for an Administrative Stay and Stay Pending Appeal ("Motion to Stay") (Appellant's Mot. to Stay, ECF No. 42) the Bankruptcy Court's Order authorizing the sale of real property entered on March 30, 2026 (the "Sale Order") (Sale Order, Bankr. ECF No. 265).[1] On March 3, 2026, this court entered a Memorandum Opinion (the "March Opinion") (Mem. Op., ECF No. 29), and Order (Order, ECF No. 30), denying three motions: (1) Appellant's Emergency Motion for Stay Pending Appeal, Temporary Restraining Order, and Expedited Briefing Schedule (ECF No. 25); (2) Appellant's Motion to Stay Pending Appeal (ECF No. 4); and (3) Appellee John Michael McDonnell's ("Appellee") Motion to Dismiss (ECF No. 8).

On March 4, 2026, Appellant filed an Emergency Motion for Stay Pending Appeal and Temporary Injunctive Relief with the United States Court of Appeals for the Third Circuit ("Third Circuit"). (Em. Mot., 3d Cir. ECF No. 5.)[2] On March 18, 2026, the Third Circuit dismissed the

---

[1] Citations to the bankruptcy docket, which are denoted with "Bankr. ECF No.", refer to the Chapter 7 bankruptcy petition, No. 24-14339, unless otherwise specified.

[2] Citations to the Third Circuit docket, which are denoted with "3d Cir. ECF No.", refer to Third Circuit Case No. 26-1469, unless otherwise specified.

appeal for lack of appellate jurisdiction and denied Appellant's motion for emergency relief pending appeal as moot. (3d Cir. Order, 3d Cir. ECF No. 14.)

On March 19, 2026, Appellant filed a Motion requesting that this Court alter or amend its Opinion and Order to include a certification for direct appeal to the Third Circuit certifying a question regarding whether property held in tenancy by the entireties pursuant to New Jersey law is exempt from administration under 11 U.S.C. § 522(b)(3)(B). (*See generally* Mot. to Amend, ECF No. 34.) The Court denied Appellant's Motion to Amend on March 20, 2026. (Mem. Order, ECF No. 37.)

After filing the instant motion, Appellant filed correspondence with the Court containing: (1) a request for this Court's "prompt consideration" of the instant motion; (2) a notice of an Emergency Motion for Administrative Stay and Stay Pending Appeal filed in the Third Circuit on April 5, 2026; and (3) notice that the Third Circuit "declined to act on the ground that no appeal is currently pending in that Court." (Apr. 2, 2026, Correspondence, ECF No. 44; First Apr. 6, 2026, Correspondence, ECF No. 45; Second Apr. 6, 2026, Correspondence, ECF No. 47.) Appellant also filed Motions to Consolidate Cases, requesting the Court consolidate this case with *Deshmukh v. McDonnell*, Case Number 26-3459. (Mot. to Consolidate Cases, ECF No. 43; *see also* Mot. to Consolidate Cases, Case No. 26-3459, ECF No. 3.)[3]

In Appellant's instant Motion to Stay, he argues that he has a strong likelihood of success on the merits because "[t]he Bankruptcy Court relied on *In re Weiss*, 638 B.R. 543 (Bankr. D.N.J.

---

[3] Because Appellee did not oppose Appellant's Motions to Consolidate, the Court uses its discretion to grant Appellant's request to consolidate the related cases. (*See* Appellee's Apr. 7, 2026, Correspondence, ECF No. 48); *see also* Fed. R. Bankr. P. 1015 ("The court may consolidate two or more cases that are regarding or brought by . . . the same debtor and that are pending in its district.").

2

2022)[]" which he argues is "deeply flawed and misreads the controlling New Jersey Appellate Division's decision in *Jimenez v. Jimenez*, [185 A.3d 954 (N.J. Super. Ct. App. Div. 2018)]." (Appellant's Mot. to Stay *5-6.)[4]

The Court hereby incorporates by reference its March Opinion and denies Appellant's instant Motion to Stay for substantially the same reasons it denied Appellant's previous Motion to Stay in the March Opinion—because Appellant has not met his burden of showing that he is likely to succeed on the merits. *See In re Newton*, No. 19-1633, 2019 WL 4522119, at *1 (3d Cir. May 29, 2019) (finding that the "[a]ppellants did not establish in District Court 'a reasonable chance, or probability, of winning' on the merits" (citation omitted)). Moreover, because Appellant fails to make the requisite showing of likelihood of success on the merits, the Court need not analyze the remaining factors. *See In re Revel AC, Inc.*, 802 F.3d 558, 571 (3d Cir. 2015) (explaining that where a movant fails to make the requisite showing on either of the first two factors, "the [] inquiry into the balance of harms [and the public interest] is unnecessary, and the stay should be denied without further analysis" (citation omitted)). Accordingly,

IT IS, on this 7th day of April 2026, **ORDERED** as follows:

1. Appellant's Motion to Consolidate Cases (ECF No. 43) is **GRANTED**.

2. Appellant's Emergency Motion for an Administrative Stay and Stay Pending Appeal (ECF No. 42) is **DENIED**.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[4] Page numbers preceded by an asterisk reference the page numbers atop the ECF header.