**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>JAYADEEP R. DESHMUKH,<br><br>Debtor. | Civil Action No. 25-17615 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon pro se Appellant Jayadeep R. Deshmukh's ("Appellant") appeals from the Bankruptcy Court's Orders: (1) disallowing Appellant's claimed exemptions (ECF No. 1; Bankr. ECF No. 168[1]); and (2) authorizing Chapter 7 Trustee John Michael McDonnell (the "Trustee") to sell certain real property free and clear of liens (ECF No. 4; Bankr. ECF No. 265). Appellant filed a brief in support of his appeals (ECF No. 18), the Trustee opposed (ECF No. 38), and Appellant replied (ECF No. 40). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons set forth below, the Court affirms the Bankruptcy Court's Orders.

## I. BACKGROUND

### A. Factual Background

On April 29, 2024, Appellant filed a voluntary petition for relief under Chapter 11, which was later converted to Chapter 7, of the Bankruptcy Code. (Appellant's Voluntary Pet., Bankr. ECF No. 1; Order Granting Mot. to Convert, Bankr. ECF No. 113.) In Schedule C of his bankruptcy petition, Appellant claimed his marital residence located at 458 Cherry Hill Road, Princeton, New

[1] Citations to the bankruptcy docket, which are denoted with "Bankr. ECF No.", refer to the Chapter 7 bankruptcy petition, No. 24-14339, unless otherwise specified.

Jersey, 08540 (the "Property") as exempt from administration pursuant to 11 U.S.C. § 522(b)(3)(B), on the grounds that the Property is held by Appellant and his non-debtor spouse as a tenancy by the entirety ("TBE") under New Jersey law and is therefore immune from execution by Appellant's individual creditors. (Schedule C, Bankr. ECF No. 170-1; Schedule A/B 1, Bankr. ECF No. 170.) The Trustee filed an objection to the claimed exemption. (Obj. to Exemptions, Bankr. ECF No. 162.) Appellant filed no formal opposition to the objection. At the hearing on the Trustee's objection, the Bankruptcy Court sustained the objection and denied the claimed exemption. (*See generally* Tr. of Hr'g on Obj. ("T1"), Bankr. ECF No. 181; Order Disallowing Exemptions, Bankr. ECF No. 168.) The Bankruptcy Court explained that "New Jersey does not recognize such exemptions under existing law[]" because "[TBE] is property that is subject to levy, it[ is] subject to process, and thus . . . . [t]here[ is] no basis for the exemption to be taken in the property." (T1 2:13-17.)

Appellant then filed a request for certification of direct appeal to the United States Court of Appeals for the Third Circuit (Mot. for Cert. of Direct Appeal, Bankr. ECF No. 185), which was denied (Orders Denying Mot. for Cert. of Direct Appeal, Bankr. ECF Nos. 192, 193). Appellant thereafter filed: (1) a second such request (Second Mot. for Cert. of Direct Appeal, Bankr. ECF No. 205); (2) a Motion for Reconsideration of the Bankruptcy Court's Order Disallowing the Debtor's Claimed Exemptions (Mot. for Recons. of Order Disallowing Exemptions, Bankr. ECF No. 206); and (3) a Motion to Stay Pending Appeal (Mot. to Stay, Bankr. ECF No. 210). On November 6, 2025, the Bankruptcy Court denied all of Appellant's motions. (Orders, Bankr. ECF Nos. 217, 218, 219, 220.) In making its determination upon Appellant's Motion for Reconsideration, the Bankruptcy Court explicitly relied on *In re Weiss*, 638 B.R. 543 (Bankr. D.N.J. 2022), and determined that pursuant to New Jersey law, property held as TBE is subject to

process and therefore not exempt. (Tr. of Hr'g on Mot. to Recons. ("T2"), Bankr. ECF No. 223 (relying upon *Weiss*, which analyzed TBE law in New Jersey as it applies to 11 U.S.C. § 522(b)(3)(B)).) Specifically, the Bankruptcy Court explained that the holding in *Weiss* is "consistent with New Jersey law on how it treats [TBE] . . . and how it treats the ability to execute and serve process with respect to the survivorship interest." (*Id.* at 7:2-8.)[2] In making its ruling, the Bankruptcy Court "adopt[ed] in total" the *Weiss* Court's "analytical framework[.]" (*Id.* at 7:9-15.) The Bankruptcy Court explained that it found "the law to be consistent with the ruling in *Weiss* as opposed to what [it] view[ed] as errant rulings from out-of-district bankruptcy courts with respect to applicable New Jersey law" that were cited by Appellant. (*Id.* at 8:9-13.)

**B. Procedural Background**

Appellant filed his Notice of Appeal and Designation of Record on Appeal in front of this Court on November 17, 2025. (Not. of Appeal, ECF No. 1; Designation of Record, ECF No. 2.) Appellant thereafter filed a Motion to Stay and a Motion for a Temporary Restraining Order. (Appellant's Mot. to Stay, ECF No. 4; Mot. for TRO, ECF No. 25.) The Trustee filed a Motion to Dismiss. (Tr.'s Mot. to Dismiss, ECF No. 8.) This Court issued a Memorandum Opinion and Order denying all three motions. (Mar. Mem. Op., ECF No. 29; Mar. Mem. Order, ECF No. 30.) Appellant filed an Emergency Motion to Amend or Correct that Memorandum Opinion and Order (Mot. to Amend, ECF No. 34), which this Court denied (Mem. Or., ECF No. 37). Appellant appealed the March Memorandum Opinion and Order to the Third Circuit (Appellant's Notice of

[2] The *Weiss* court held that pursuant to New Jersey law, a person who holds property as TBE has a dual interest in the TBE property—a joint shared interest in the estate which neither spouse could unilaterally disturb and an individual right of survivorship, which is subject to levy (a form of process) and is therefore not exempt from process under the Bankruptcy Code. *Weiss*, 638 B.R. at 549-61.

Appeal, ECF No. 31), which the Third Circuit dismissed for lack of appellate jurisdiction (3d Cir. Mar. Order, ECF No. 41).

On March 30, 2026, the Bankruptcy Court entered an Order authorizing the sale of the Property (the "Sale Order"). (Sale Order, Bankr. ECF No. 265.) Appellant then filed with this Court a Motion to Stay the Sale Order. (Appellant's Second Mot. to Stay, ECF No. 42.) On April 1, 2026, Appellant appealed the Sale Order to this Court under a new docket number: 26-3459. (Not. of Appeal, Case No. 26-3459, ECF No. 1.) That same day, Appellant filed Motions to Consolidate the two appeals set before this Court. (Appellant's Mot. to Consolidate Cases, ECF No. 43; Appellant's Mot. to Consolidate Cases, Case No. 26-3459, ECF No. 3.) This Court issued a Memorandum Order denying Appellant's Motion to Stay and granting his Motions to Consolidate Cases. (Apr. Mem. Order, ECF No. 50.) Appellant appealed this Court's April Memorandum Order to the Third Circuit (Appellant's Apr. Not. of Appeal, ECF No. 51), and the Third Circuit granted Appellant's request for a stay of the Bankruptcy Court's Sale Order (3d Cir. Apr. Or., ECF No. 52).

Appellant filed his merits brief on December 28, 2025. (Appellant's Br., ECF No. 18.) The Trustee opposed (Appellee's Opp'n Br., ECF No. 38), and Appellant replied (Appellant's Reply Br., ECF No. 40).

## II. LEGAL STANDARD

A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees. 28 U.S.C. § 158(a). The standard of review for bankruptcy court decisions is "determined by the nature of the issues presented on appeal." *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 157 (D.N.J. 2005). Legal conclusions of the bankruptcy court are subject to de novo or plenary review by the district court. *Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir. 1997). Findings of fact, comparatively, are not set aside unless "clearly

erroneous." *In re CellNet Data Sys., Inc.*, 327 F.3d 242, 244 (3d Cir. 2003). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). If it is alleged that the bankruptcy court abused its discretionary authority, the district court may only inquire whether the bankruptcy court's decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Int'l Union, UAW v. Mack Trucks, Inc.*, 820 F.2d 91, 95 (3d Cir. 1987) (citing *Int'l Olympic Comm. v. S.F. Arts & Athletics*, 781 F.2d 733, 738 (9th Cir. 1986)).

## III. **DISCUSSION**

The issues raised by Appellant on appeal are whether the Bankruptcy Court erred by: (1) "failing to hold that, as a matter of New Jersey law, a [TBE] created after the effective date of and governed by" N.J. Stat. Ann. §§ 46:3-17.2 through -17.5 (the "Act"), "consists of one interest, owned by both spouses as a marital unity, that neither spouse may sever, alienate, or otherwise affect without the written consent of the other spouse"; (2) "failing to hold that, as a matter of New Jersey law," N.J. Stat. Ann. § 46:3-17.4 "prohibits the creditor of only one spouse from subjecting to process, as the term process is used in Bankruptcy Code Section 522(b)(3)(B), any interest that that spouse owns in a [TBE] without the written consent of the non-debtor spouse, where such tenancy was created after the effective date of the Act[]"; and (3) "disallowing [Appellant's] claimed exemption in the Property . . . under Bankruptcy Code Section 522(b)(3)(B)." (Appellant's Br. 3-4.) In support of his contention that the Court should find in the affirmative on these issues, Appellant argues that: (1) New Jersey bankruptcy courts have misread the plain language of N.J. Stat. Ann. § 46:3-17.4; (2) the plain language of N.J. Stat. Ann. § 46:3-17.5 does not create a separate right of survivorship interest; (3) the *Weiss* court misread the Act's legislative history; and

(4) the *Weiss* court deliberately mis-applied the case law to reach its preferred goal of the Act allowing partition and process in accordance with the common law. (*Id.* at 9-36.)

For the reasons discussed below, the Court finds Appellant's arguments to be without merit and affirms the Bankruptcy Court's Orders.

**A. The Bankruptcy Code and TBE in New Jersey**

Section 522 of the Bankruptcy Code provides that a debtor may exempt certain property from the bankruptcy estate. *See* 11 U.S.C. § 522. Generally, a debtor may elect to use federal or state exemptions. *Id.* § 522(b)(3). At issue here, Section 522(b)(3)(B) specifically exempts from the bankruptcy process "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a [TBE] . . . to the extent that such interest as a [TBE] . . . is exempt from process under applicable non[-]bankruptcy law." *Id.* § 522(b)(3)(B). As such, bankruptcy courts "generally turn to state law for the determination of property rights in the assets of a bankrupt's estate." *In re Brannon*, 476 F.3d 170, 176 (3d Cir. 2007) (internal quotation marks and citation omitted). Neither the Bankruptcy Code, New Jersey statutes, nor case law define the term "process[]" which "is generally understood to be the steps a creditor takes to attach a lien and levy upon a debtor's property." *Weiss*, 638 B.R. at 552. The question at issue here is whether the Bankruptcy Court correctly determined that Appellant's interest in the Property is not exempt from process pursuant to the Act and therefore not exempt from the bankruptcy estate pursuant to 11 U.S.C. § 522(b)(3)(B). "If the Property is not exempt from process, then it remains property of the estate and may be subject to administration by the Trustee for the benefit of the Debtor's creditors." *Weiss*, 638 B.R. at 549.

"A [TBE] is a form of joint property ownership available only to spouses that is created 'when property is held by a husband and wife with each becoming seized and possessed of the

entire estate.'" *Jimenez v. Jimenez*, 185 A.3d 954, 957 (N.J. Super. Ct. App. Div. 2018) (quoting *N.T.B. v. D.D.B.*, 121 A.3d 910, 918 (N.J. Super. Ct. App. Div. 2015)). Pursuant to N.J. Stat. Ann. § 46:3-17.2, a TBE is created when "[a] husband and wife together take title to an interest in real property or personal property under a written instrument designating both of their names as husband and wife . . . ." N.J. Stat. Ann. § 46:3-17.2(a).[3] "Each co-tenant enjoys the right of survivorship[] [meaning that] 'after the death of one, the survivor takes the whole.'" *Jimenez*, 185 A.3d at 957 (quoting *N.T.B.*, 121 A.3d at 918). Spouses, as TBEs, are provided a "means of protecting marital assets . . . and . . . security for one spouse on the death of the other." *N.T.B.*, 121 A.3d at 918 (citations omitted). TBE property is "an undivided tenancy in common for the joint lives of the spouses subject to the right of survivorship of each." *Id.* (quoting *Vander Weert v. Vander Weert*, 700 A.2d 894, 897 (N.J. Super. Ct. App. Div. 1997)). Tenants by the entirety hold an undivided interest, and each tenant also "holds his or her title and interest independently of the other." *Id.* (quoting 4 Thompson, *Real Property* § 1795 (1979)).

Section -17.4, one of two key subsections at issue here, provides that: "[n]either spouse may sever, alienate, or otherwise affect their interest in the tenancy by entirety during the marriage or upon separation without the written consent of both spouses." N.J. Stat. Ann. § 46:3-17.4. Section -17.5, the second key subsection at issue here, provides that: "[u]pon the death of either spouse, the surviving spouse shall be deemed to have owned the whole of all rights under the original instrument of purchase, conveyance, or transfer from its inception." *Id.* § 46:3-17.5.

---

[3] A TBE also is created when a husband and wife become lessees of property through a written instrument containing an option to purchase it and designating both of their names as husband and wife. N.J. Stat. Ann. § 46:3-17.2(b). Lastly, a TBE is created when an owner spouse conveys or transfers an interest in property to the non-owner spouse and the former jointly, under written instrument, designates both of their names as husband and wife. *Id.* at -17.2(c).

**B. Appellant's Statutory Interpretation Arguments are Unsupported by New Jersey Case Law**

Much of Appellant's arguments involve a broad statutory interpretation of Section -17.4, which, he contends, does not permit a spouse to alienate their right of survivorship interest, and Section -17.5, which, he maintains, does not create a separate right of survivorship interest. (Appellant's Br. at 9-18.) In support of these arguments, however, Appellant does not cite any New Jersey authority interpreting the Act other than *Vander Weert v. Vander Weert*, 700 A.2d 894 (N.J. Super. Ct. App. Div 1997). (*Id.* at 12.) *Vander Weert* bears no resemblance to this case as it did not actually deal with the interpretation of the Act because the TBE at issue in *Vander Weert* was created prior to the Act's enactment. 700 A.2d at 897.

The Court disagrees with Appellant's statutory interpretation arguments and finds that the *Weiss* Court's interpretation of Sections -17.4 and -17.5 was thorough, well-reasoned, and correct: pursuant to Section -17.4 Appellant and his spouse have a joint interest in the Property, *Weiss*, 638 B.R. at 551, and pursuant to Section -17.5 Appellant and his spouse each hold separate individual interests in the Property—"the right of survivorship." *Id.* at 552.

Appellant's arguments regarding statutory interpretation are further belied by the Appellate Division's decisions in *Jimenez* and *State v. Reiter*, No. A-2167-18T3, 2020 WL 224595 (N.J. Super. Ct. App. Div. Jan. 15, 2020), and the Appellate Division's subsequent interpretation of its own holding in *Jimenez*. In *Jimenez*, a married couple owned an undeveloped tract of land as TBE. 185 A.3d at 955. The debtor spouse defaulted on a line of credit, and his creditors sought to execute on the undeveloped TBE property. *Id.* at 955-56. Specifically, the debtor spouse's creditors filed a motion requesting the partition and sale of the undeveloped TBE property. *Id.* at 956. The Appellate Division explained that the trial court reluctantly denied the creditor's motion, despite "prior case

law," because "N.J. [Stat. Ann. § 46:3-17.4] now disallows such a remedy." *Id.* The Appellate Division affirmed the trial court's decision. *Id.* at 959.

The *Jimenez* court explained that following the passage of the Act, partition and sale of real property held as TBE is no longer an available remedy to a creditor of only one spouse. *Id.* at 958. The *Jimenez* court recognized that N.J. Stat. Ann. § 46:3-17.4 "literally commands that 'neither spouse' may sever, alienate, or otherwise affect their shared interests in [a] tenancy by the entirety[.]" *Id.* While the *Jimenez* court precluded the ability of a creditor to force the partition and sale of the spouses' shared interest, it recognized that—even post-enactment of the Act—creditors may still levy on a tenant's individual right of survivorship. *Id.* at 957. Specifically, the *Jimenez* court explained that "[a] tenant by the entirety can alienate his or her right of survivorship, and a judgment creditor of either spouse may levy and execute upon such a right[.]" *Id.* at 957 (quoting *N.T.B.*, 121 A.3d at 918).

Appellant argues that the Bankruptcy Court and the *Weiss* court misinterpreted this sentence in *Jimenez* by ignoring that the *Jimenez* court noted that the case it was citing, *N.T.B.*, did not discuss this portion of the statute. (Appellant's Br. 26-27; Appellant's Reply Br. *4[4].) Appellant also contends that his interpretation of the Act is correct because the *Jimenez* court "favorably cite[d] two bankruptcy decisions—*In re Montemoino*, 491 B.R. 580 [] (Bankr. M.D. Fl. 2012) and *In re Wanish*, 555 B.R. 496 [] (Bankr. E.D. Pa. 2016)—that applied Section [-]17.4 . . . as . . . Appellant reads it." (Appellant's Br. 26-27.) Appellant, however, agrees that *Jimenez*'s holding is a narrow one. (*Id.* at 24.) The Appellate Division in *Jimenez* only addressed whether, after the passage of the Act, a creditor could seek to compel the partition and sale of a spouse's interest in

[4] Page numbers preceded by an asterisk reflect the number atop the ECF header.

property held as TBE. *Jimenez*, 185 A.3d at 957. Appellant's arguments are also undercut by the Appellate Division's own interpretation of that sentence in *Jimenez* and *N.T.B.* in subsequent cases.[5]

For example, in *State v. Reiter*, which was decided after *Jimenez*, a married couple owned an affordable housing unit in a condominium park as TBE. No. A-2167-18T3, 2020 WL 224595, at *1, 3 (N.J. Super. Ct. App. Div. Jan. 15, 2020). The trial court found that the wife failed to occupy the property as her primary residence as required by the deed. *Id.* at 3. As a result, the trial court terminated the wife's interest in the TBE property. *Id.* Her right of survivorship was then transferred to the township—a creditor of only the wife. *Id.* The non-debtor husband's interest in the TBE property remained unaffected. *Id.* In its analysis, the trial court determined the township would possess no interest in the TBE property if the wife predeceased the non-debtor husband. *Id.* Conversely, if the non-debtor husband predeceased the wife, the township would wholly own the property. *Id.* On appeal, the Appellate Division determined that the Chancery Division "properly applied the remedy of partition under [N.J. Stat. Ann. §] 46:3-17.4[.]" *Id.* at *6. In doing so, the Appellate Division explicitly noted that "each tenant holds his or her title and interest independently of others" and "[t]herefore, . . . can alienate his or her right of survivorship, and [that] a judgment creditor of either spouse may levy and execute upon such right[.]" *Id.* (citation modified) (quoting *N.T.B.*, 121 A.3d at 918).

Additionally, in *Adjmi v. National Payment Systems, Inc.*, the Appellate Division affirmed a trial court order that denied a debtor spouse's motion to vacate a lien on his marital property

[5] While Appellant is correct that the New Jersey Court Rules provide that "[n]o unpublished opinion shall constitute precedent or be binding upon any court[]" and that "unpublished opinion[s] shall [not] be cited by any court[,]" N.J. Ct. R. 1:36-3, this Court finds several unpublished Appellate Division opinions particularly persuasive and instructive in their interpretations of the Act and of the Appellate Division's decision in *Jimenez*.

which was held as a TBE. No. A-2999-21, 2023 WL 4540393, at *1-2 (N.J. Super. Ct. App. Div. July 14, 2023). The trial court explicitly found that "plaintiff's reliance on *Jimenez* . . . was misplaced[]" and that while "the judgment c[ould not] affect or alienate plaintiff's [non-debtor] wife's interest in the property during their marriage, . . . a lien still exist[ed] on [plaintiff's right of survivorship] interest." *Id.* at *1. The trial court "recognized that . . . a tenant by the entirety can alienate his or her right of survivorship, and a judgment creditor of either spouse may levy and execute upon such right[]" and that the "law only forbids the involuntary partition of real property owned by the entirety[.]" *Id.* (citation modified) (quoting *Cap. Fin. Co. of Del. Valley v. Asterbadi*, 912 A.2d 191, 196 (N.J. Super. Ct. Ch. Div. 2006)). The trial court therefore explained that the "lien on plaintiff's home could not be vacated on the basis that his interest . . . was held by [TBE]." *Id.* On appeal, the plaintiff argued that "because his wife did not consent, the judgment is not a lien on the interest of the" debtor-husband in the property held as TBE. *Id.* at *2 (citation modified). The Appellate Division rejected plaintiff's argument on appeal and simply held that "[b]ased upon our review of the record and *controlling law*, we conclude [that] the [trial court's] . . . rulings were factually and legally correct." *Id.* (emphasis added).

Just this year, the Appellate Division considered a trial court order that denied a plaintiff's motion for reconsideration to permit the sale of real property owned by defendants as TBE. *See Wallace v. Elberg*, No. A-3350-24, 2026 WL 1505896, at *1 (N.J. Super. Ct. App. Div. May 29, 2026). In *Wallace*, the plaintiff sought to compel the sale of real property and an order allowing the levy and sale of defendants' property. *Id.* at *1-2. In its decision affirming the trial court's denial of plaintiff's request to sell the property, the Appellate Division explained that it "recognized in *Jimenez* that a tenant by the entirety can alienate his or her right of survivorship, and [that] a

judgment creditor of either spouse may levy and execute upon such right." *Id.* at *3 (citation modified) (quoting *Jimenez*, 185 A.3d at 956).

The Appellate Division's decisions in both *Adjmi* and *Wallace*—which were issued after *Weiss*—undercut Appellant's argument that the Bankruptcy Court and the *Weiss* Court have misread the holding of *Jimenez*. Both Appellate Division decisions explicitly interpret the Act to have recognized that a person who holds property as TBE can alienate his or her right of survivorship, and that a judgment creditor of either spouse may levy and execute upon such right. *Adjmi*, 2023 WL 4540393, at *1; *Wallace*, 2026 WL 1505896, at *3. The *Adjmi* Court, moreover, expressly held that the lien on plaintiff's right of survivorship was valid even though he held the property as a TBE with his non-debtor spouse. 2023 WL 4540393, at *1-2. While Appellant argues that *Jimenez* cited *Montemoino*, and *Wanish*, favorably, such an argument and citation by the Appellate Division in *Jimenez*, does not negate the fact the Appellate Division recognized in *Jimenez*, and reiterated in *Adjmi*, *Wallace*, and *Reiter*, that TBE law in New Jersey, after the passage of the Act, permits a spouse who holds property in TBE to alienate his or her right of survivorship and that a judgment creditor of either spouse may levy and execute upon such right. *Jimenez*, 185 A.3d at 956; *Adjmi*, 2023 WL 4540393, at *1; *Wallace*, 2026 WL 1505896, at *3; *Reiter*, 2020 WL 224595, at *6. By asking this Court to find that the *Weiss* Court *deliberately* misread *Jimenez*, Appellant essentially, asks this Court to determine that the Appellate Division, just this year in *Wallace*, misinterpreted its own decision in *Jimenez*. Based on the opinions in *Weiss*, *Jimenez*, *Adjmi*, and *Wallace*, there is simply no basis in the law to do so. The Court further finds that the Appellate Division's interpretations of the Act, as evidenced by the cases discussed above, demonstrate, contrary to Appellant's arguments, that pursuant to the Act, TBE's consist of

a separate right of survivorship, which is alienable and subject to levy and therefore subject to process under the Bankruptcy Code.

**C. The Legislative History Further Supports the Bankruptcy Court's Orders**

Appellant further argues that the *Weiss* Court misread the Act's legislative history. (Appellant's Br. 19-24.) The legislative history, however, further supports the Bankruptcy Court's decisions. While true that the Act provides more protection to spouses who own property as TBE than that under the common law, "the Act did not provide an absolute free pass to a tenant by the entirety to avoid certain processes by which a creditor might collect on an unpaid debt." *Weiss*, 638 B.R. at 560. The New Jersey Commission on Sex Discrimination in the Statutes (the "Commission") conducted an extensive review of New Jersey marriage and family law in 1980 and 1981. *See generally* State of New Jersey Commission on Sex Discrimination in the Statutes: Toward Economic Equity, Third Report (1985).

The Commission explained the difference between New Jersey's minority view before the passage of the Act and majority views of TBE. In describing the minority view, the Commission explained that:

> New Jersey court decisions represent the minority view of the effect that the Married Women's Property Act enactment had on tenancy by the entirety. In *King v. Greene*, 30 N.J. 395 (1959), the New Jersey Supreme Court held that under tenancy by entirety, husband and wife *hold as tenants in common during their joint lives with a right of survivorship*. Each spouse *has a separate right to a one-half interest in entirety property* during the marriage subject to the survivorship rights of the other spouse. *Either spouse can alienate or encumber his or her one-half share*. Thus[,] creditors may seek partition or an accounting to satisfy one spouse's separate debt. The creditor is also entitled to collect against the right of survivorship of the debtor spouse if the debtor survives. If the non[-]debtor spouse survives, the non[-]debtor is entitled to full ownership of the entirety property.

*Id.* at 623 (emphases added). In discussing the majority view, the Commission noted that:

> The majority of the states that have retained tenancy by the entirety provide that neither spouse can alienate or encumber entirety property without the consent of the other spouse. Entirety property is protected from the separate debts of either spouse. *The creditor must wait to determine which spouse survives and then may only collect on a separate debt if the debtor spouse survives.* This interpretation offers protection to the non[-]debtor spouse.

*Id.* at 622-23 (emphasis added). The report explicitly states the goal of the statute is to "*bring New Jersey into line with the majority interpretation of tenancy by the entirety* and will encourage a greater number of spouses to hold entirety property." *Id.* at 624-25 (emphasis added).

Contrary to Appellant's arguments, this does not indicate the Legislature's intent to eliminate the ability of creditors to levy against the right of survivorship. It evidences the Legislature's intent to eliminate the fact that prior to the Act "[e]ach spouse ha[d] a separate right to one-half interest in entirety property during marriage" and that "[e]ither spouse [could] alienate or encumber his or her one-half share[]" during the life of the marriage. *Id.* at 623. The report specifically recommends adding protections for a non-debtor spouse by explaining that pursuant to the majority view a "creditor *must wait* to determine which spouse survives and *then may only collect on a separate debt* if the debtor spouse survives." *Id.* Nothing in the legislative history evidences the Legislature's intent that the Act eliminate the ability of a spouse to alienate their right of survivorship, or for a creditor to be entitled to levy on that right of survivorship. The majority approach does, however, protect the non-debtor spouse in that if such a levy is attached to the debtor spouse's right of survivorship, the creditor must then wait to see which spouse passes away first. *See id.* at 622-23. If it is the debtor spouse, the non-debtor spouse is protected, because after the death of the debtor spouse she owns the property in fee simple, and the creditor is unable to collect on that debt. *See id.* Only if the non-debtor spouse passes away first, may the creditor collect on the levy attached to the debtor spouse's right of survivorship. *See id.*

This is the change the Legislature intended to create by the enactment of the Act—eliminating the fact that because each spouse had a separate right to a one-half interest in property held as TBE, a creditor had the ability to partition that property prior to the death of a non-debtor spouse. *See id.* The legislative history, the statute itself, and the Appellate Division's interpretation of the statute all support the Bankruptcy Court's interpretation of Section -17.4 and Section -17.5. The Appellate Division has been clear on this issue. *See Jimenez*, 185 A.3d at 956; *Reiter*, 2020 WL 224595, at *6; *Adjmi*, 2023 WL 4540393, at *1; *Wallace*, 2026 WL 1505896, at *3. Pursuant to New Jersey law, an individual's interest in TBE property—the right of survivorship—is subject to process. *See Jimenez*, 185 A.3d at 956; *Reiter*, 2020 WL 224595, at *6; *Adjmi*, 2023 WL 4540393, at *1; *Wallace*, 2026 WL 1505896, at *3. The Bankruptcy Court's determination that the Property could not be exempted from the bankruptcy estate pursuant to Section 522(b)(3)(B) because the Property is subject to process under New Jersey law is therefore a correct and proper determination of law.

The Court, accordingly, denies Appellant's appeals in their entirety.[6]

## IV. CONCLUSION

For the reasons set forth herein, the Court dismisses Appellant's appeals. The Court will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

DATED: 8/10/, 2026

[6] Specifically, the Court denies Appellant's appeal of the Bankruptcy Court's order denying his claimed exemption pursuant to N.J. Stat. Ann. § 46:3-17.4. The Property is, accordingly, part of Appellant's bankruptcy estate and therefore subject to administration by the Trustee for the benefit of the Appellant's creditors. The Court thus also denies Appellant's appeal of the Bankruptcy Court's order authorizing the Trustee to sell the Property.